# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 26, 2011

## STATE OF TENNESSEE v. TOM PERRY BELL

### Direct Appeal from the Criminal Court for Hamilton County
### No. 273468     Don W. Poole, Judge

---

### No. E2010-01504-CCA-R3-CD - Filed January 6, 2012

---

A Hamilton County Grand Jury returned an indictment against Defendant, Tom Perry Bell, for burglary, misdemeanor theft, possession of burglary tools, and vandalism valued at more than $10,000. Defendant subsequently pled guilty to burglary, a Class D felony. The trial court sentenced Defendant as a Range II, multiple offender, to eight years in the Department of Correction. On appeal, Defendant argues that his sentence is excessive because the trial court did not properly apply enhancement and mitigating factors. After a thorough review, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Criminal Court Affirmed

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS, J., joined. DAVID H. WELLES, SP.J., not participating.

Kevin L. Loper, Chattanooga, Tennessee, for the appellant, Tom Perry Bell.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; William H. Cox, III, District Attorney General; and Cameron Williams, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

## I. Background

At the guilty plea hearing, the State gave the following factual basis for the offenses:

That on or about June 13th, 2009, the police were dispatched to 3506 Brainerd Road on an alarm call. This is a business. When they approached

the building, they saw the defendant inside of the business with a large screwdriver in his hand. They surrounded the business, gave demands for the defendant to get down on the ground and drop the screwdriver. They took him into custody at that point, located a camera that was property of the business in front pocket, right front pocket. There was also change that was missing from the business. He was arrested and charged with the offenses that I just read off.

I believe any further factual basis although not necessary - - well, and, of course, people from the business did not give him permission to enter that and take those items.

At the conclusion of the guilty plea hearing, the trial court accepted Defendant's plea.

*Sentencing Hearing*

At the sentencing hearing, Jim Rox, an employee of the Tennessee Board of Probation and Parole, testified that he prepared a presentence report in this case. He interviewed Defendant at the Hamilton County Jail, and Defendant said: "It was ignorant of me to do what I did." Mr. Rox testified that Defendant indicated that he had not been employed "since the 1990's, being incarcerated off and on since that time. He said last job he had was working for a man named Charlie at a place called Auto Rebuilders during the 1999's."

Mr. Rox testified that Defendant had a total of fifty-four prior convictions, at least twelve of which were felony convictions. He said that Defendant was on probation for criminal trespassing and unauthorized use of a vehicle when the present offense was committed. Defendant's probation for unauthorized use of a vehicle was revoked on July 8, 2009. Mr. Rox testified that Defendant also had his probation revoked in several other cases.

On cross-examination, Mr. Rox testified that Defendant said that he had not served in any branch of the military. It would surprise him to know that Defendant was in the Army from 1976-1977. Mr. Rox agreed that most of Defendant's past crimes were property crimes; however, he had two convictions for "criminal sexual conduct that happened back in 1979" when he was twenty years old. Mr. Rox testified that Defendant was homeless.

## II. Standard of Review

On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is improper. *See* T.C.A. § 40-35-401, Sentencing Comm'n Comments; *see also State v. Arnett,* 49 S.W.3d 250, 257 (Tenn.2001). When a defendant

-2-

challenges the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. T.C.A. § 40-35-401(d). This presumption of correctness, however, " 'is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" *State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991)). "If, however, the trial court applies inappropriate mitigating and/or enhancement factors or otherwise fails to follow the Sentencing Act, the presumption of correctness fails," and our review is de novo. *Carter*, 254 S.W.3d at 345 (quoting *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992); *State v. Pierce*, 138 S.W.3d 820, 827 (Tenn. 2004)).

In conducting a de novo review of a sentence, this Court must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement the defendant wishes to make in the defendant's own behalf about sentencing. T.C.A. § 40-35-210(b); *see also Carter*, 254 S.W.3d at 343; *State v. Imfeld*, 70 S.W.3d 698, 704 (Tenn. 2002).

Tennessee's sentencing act provides:

(c) The court shall impose a sentence within the range of punishment, determined by whether the defendant is a mitigated, standard, persistent, career, or repeat violent offender. In imposing a specific sentence within the range of punishment, the court shall consider, but is not bound by, the following advisory sentencing guidelines:

(1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

T.C.A. § 40-35-210(c)(1)-(2).

The weight to be afforded an enhancement or mitigating factor is left to the trial court's discretion so long as its use complies with the purposes and principles of the 1989 Sentencing Act and the trial court's findings are adequately supported by the record. *Id.* § (d)-(f); *Carter*, 254 S.W.3d at 342-43. "An appellate court is therefore bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in . . . the Sentencing Act." *Carter*, 254 S.W.3d at 346. Accordingly, on appeal we may only review whether the enhancement and mitigating factors were supported by the record and their application was not otherwise barred by statute. *See Id.*

Defendant was convicted of burglary, a Class D felony. As a Range II offender, he was subject to a sentence of between four and eight years for the conviction. The trial court applied the following enhancement factors: the defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range; the defendant, before trial or sentencing failed to comply with the conditions of a sentence involving release into the community; and the defendant was released on probation at the time of the felony. T.C.A. § 40-35-114 (1), (8), and (13)(C). As mitigating factors, the trial court considered that Defendant's conduct neither caused nor threatened serous bodily injury and that he pled guilty. T.C.A. § 40-35-113 (9) and (13). On appeal, Defendant argues that his sentence is excessive because the trial court failed to apply as mitigating factors: the defendant, because of youth or old age, lacked substantial judgment in committing the offense; and the defendant was motivated by a desire to provide necessities for the defendant's family or the defendant's self. T.C.A. § 40-35-113(6) and (7). He further argues that the trial court failed to give proper weight to the applicable mitigating factors.

The record reflects that the trial court considered the evidence presented at the guilty plea acceptance hearing and at the sentencing hearing. The court further considered the presentence report, the principles of sentencing and the arguments as to sentencing alternatives, the nature and characteristics of the offenses, the evidence offered by the parties on enhancement and mitigating factors, and the potential for rehabilitation or treatment. The record in this case supports the trial court's finding that Defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. The presentence report indicates that Defendant has fifty-four prior convictions, and that thirteen of them are felonies. At the sentencing hearing the trial court noted that it gave "a lot of credence, or lot of credit or whatever, to having a previous history." The record also supports the trial court's finding that Defendant failed to comply with the conditions of a sentence involving release into the community and that Defendant was released on probation at the time of the felony. The presentence reports reflects that

Defendant's probation in other cases had been revoked at least five different times, and he was placed on probation for criminal trespass two days before the present offense occurred. He was also on probation for unauthorized use of a vehicle. Concerning this issue, the trial court further noted:

> In regard to being on probation when these offenses occurred, in looking at the presentence investigative report, it appears that the first seven misdemeanors that you were on probation for, one on probation two days before this happened, for trespass, [    ], the sentences were received on June 11, these cases occurred on June the 13th.

> Six months, in regard to unauthorized use of a motor vehicle. You were on probation for something that occurred on March the 20th, driving without a license, you were revoked on March 20th, you were on probation.

> Aggravated criminal trespass out of East Ridge occurring on November the 5th, or the disposition date, you were on probation for that. You were on probation for a theft out of East ridge, the disposition date was the same thing. You were on probation for possession of burglary tools out of East Ridge November '05. You were on probation when this occurred.

Therefore, the trial court properly applied enhancement factors (1), (8), and (13)(C).

As for the mitigating factors, the trial court considered that Defendant's conduct in the burglary of the Morgan Motor Company neither caused nor threatened serious bodily injury and that the Defendant pled guilty. However, the trial court noted that the two factors were entitled to a "small amount of credit." The court also specifically said that it gave Defendant's plea of guilty "a slight amount of credit." The trial court considered Defendant's age and found nothing to indicate that he "lacked judgment in regard to committing [the] offenses." The Court also considered whether Defendant was motivated to provide necessities and found that nothing was presented to support application of that factor. We agree with the trial court that Defendant has not presented anything to support the application of these mitigating factors. There was no proof at the sentencing hearing that because of Defendant's age, he lacked any judgment in regard to committing the offense, especially considering his prior criminal history of committing property-related crimes. Likewise, although there was testimony that Defendant was homeless, there was no proof at the sentencing hearing that he committed the burglary in this case to provide necessities.

As for Defendant's arguments about the weight assigned by the trial court to the enhancement and mitigating factors, we note that this is no longer grounds for appeal.

*Carter*, 254 S.W.3d at 344. The record clearly shows that the trial court followed the statutory sentencing procedure, made findings of facts that are adequately supported in the record, and gave due consideration to the principles that are relevant to sentencing. Based on our review, we conclude that the applicable enhancement factors considered by the trial court adequately support the trial court's discretionary decision to impose a sentence of eight years for Defendant's burglary conviction.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE